1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    MIRA CHLOE PRICKETT, et al.,            Case No.  15-cv-01230-MEJ

              Plaintiffs,
8                                            **ORDER RE: MOTION TO REMAND**

9          v.                                Re: Dkt. No. 6

10   BONNIER CORPORATION, et al.,

              Defendants.
11

12

13                          **INTRODUCTION**

14         Pending before the Court is Defendant Bare Sports Canada, Ltd.'s ("Bare") Motion to

15   Remand.  Dkt. No. 6.  Defendants Bonnier Corporation ("Bonnier") and Warren Miller

16   Entertainment ("WME") have filed an Opposition (Dkt. No. 16) and Bare has filed a Reply (Dkt.

17   No. 17).  The Court finds this matter suitable for disposition without oral argument and

18   VACATES the April 30, 2015 hearing.  *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).  Having

19   considered the parties' positions, relevant legal authority, and the record in this case, the Court

20   **GRANTS** Bare's Motion for the reasons set forth below.

21                          **BACKGROUND**

22         Plaintiff Mira Chloe Prickett ("Plaintiff"), a minor acting through her Guardian ad Litem,

23   Naomi Shigeko Takamori, initiated this suit on February 26, 2015 in Alameda County Superior

24   Court.  Notice of Removal, Ex. A (Compl.) ¶ 26, Dkt. No. 1.  She alleges claims in connection

25   with an incident which occurred in the navigable waters of French Polynesia involving her father.

26   *Id.* ¶¶ 1-2, 9-10.  On March 16, 2015, Bonnier and WME removed the case to this Court.  Dkt. No.

27   1.  In their Notice of Removal, Bonnier and WME state that they had "not been served with the

28   Complaint, but learned of it on or about March 2, 2015."  Notice at 2.  The Notice also states that

United States District Court
Northern District of California

1    "[t]he docket sheet does not reflect any service on the third Defendant Bare . . ., and therefore,

2    Removing Defendants have not sought Bare Sports' consent to removal." *Id.*

3        Bare now moves to remand the case back to Alameda County Superior Court, arguing that

4    it did not consent to removal.

### LEGAL STANDARD

6        The federal removal statute, 28 U.S.C. § 1441, provides that a defendant may remove an

7    action to federal court on the basis of federal question or diversity jurisdiction.  A defendant

8    seeking removal of an action to federal court has the burden of establishing grounds for federal

9    jurisdiction in the case as well as the burden of showing that it has complied with the procedural

10   requirements for removal.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.

11   2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir .1988)); *Emrich v.*

12   *Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).

13       A motion to remand is the proper method for challenging removal.  28 U.S.C. §§ 1447(c)

14   & 1448.  Any defendant who is served after removal to federal court can move to remand the case.

15   28 U.S.C. § 1448.  The Court strictly construes the removal statutes against removal jurisdiction,

16   and jurisdiction must be rejected if there is any doubt as to the right of removal.  *Gaus v. Miles,*

17   *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### DISCUSSION

19       This case was originally filed in the Alameda County Superior Court on February 26,

20   2015.  *See* Dkt. 1, Ex. A.  It is undisputed that, before Bare was served with the Complaint,

21   Bonnier and WME filed their notice of removal on March 16, 2015.  *See* Mot at 4; Opp'n at 2.

22       It has long been the rule that removal to federal court is subject to the "unanimity

23   rule."  *Chicago Rock Island & Pac. R. Co. v. Martin,* 178 U.S. 245, 248 (1990).  In other words,

24   all defendants must consent to or join in the removal.  *Id.*  This ensures that no one defendant may

25   unilaterally choose to litigate in federal court.  *Id.*  In their Opposition, Defendants Bonnier and

26   WME note that there is an exception to the unanimity rule: it applies only to defendants properly

27   joined and served in the action.  Opp'n at 4; *see Emrich v. Touche Ross & Co.,* 846 F.2d 1190,

28   1193 n.1 (9th Cir. 1998)

2

United States District Court
Northern District of California

Bonnier and WME are correct that federal courts recognize that "defendants over whom the court has not acquired jurisdiction may be disregarded in the removal proceedings, and that the defendants who have been summoned must of necessity be allowed to exercise their right of removal." *Community Bldg. Co. v. Maryland Casualty Co.,* 8 F.2d 678, 678-79 (9th Cir. 1926). However, it is clear from 28 U.S.C. § 1448 that a later served defendant may exercise its right to choose the state court forum. "This rule . . . promotes unanimity among the defendants without placing undue hardships on subsequently served defendants." *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1263 (5th Cir.1988).

Here, Bare timely exercised its right to choose a state forum. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).") Therefore, the Court finds that remand to state court is appropriate. *See Atl. Nat. Trust, LLC v. Mt. Hawley Ins. Co.*, 2009 WL 2365541, at *1 (D. Or. July 31, 2009) ("Pursuant to § 1448, a nonserved defendant . . . may force a remand to state court if either or both defendants choose the state forum over the federal forum by making a timely motion to remand after such defendant has been served with the complaint.  That is exactly the situation at bar.  Therefore, remand to state court is appropriate because after having been served with the complaint, defendants have timely exercised their right to choose the state court forum.").

Bare also requests that the Court order Bonnier and WME to pay its attorneys' fees and costs incurred in filing this Motion.  Mot. at 8.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  This is a matter of the Court's discretion, but "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  Here, because Bonnier and WME had an objectively reasonable basis for removal (diversity jurisdiction) and no unusual circumstances exist, the Court will not award the fees requested.

## CONCLUSION

Based on the analysis above, the Court **GRANTS** Bare's Motion and **REMANDS** this

3

case to the Alameda County Superior Court.  Bare's request for attorneys' fees and costs is **DENIED**.

     **IT IS SO ORDERED.**

Dated: April 20, 2015

                            _____
                            MARIA-ELENA JAMES
                            United States Magistrate Judge

United States District Court
Northern District of California

4